

FILED
MAY 02 2008

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| GENE E. DUDLEY, SR. | \* | CIV 08-4022 |
|  | \* |  |
| Plaintiff, | \* |  |
|  | \* | ORDER DENYING PLAINTIFF'S |
| -vs- | \* | APPLICATION FOR TEMPORARY |
|  | \* | RESTRAINING ORDER |
| BUREAU OF PRISONS, | \* |  |
| HUMAN HEALTH SERVICES | \* |  |
| DR. BOYD | \* |  |
|  | \* |  |
| Defendants. | \* |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BACKGROUND

Pending before this court is Plaintiff's, Gene Dudley, Application for Temporary Restraining Order. In his application, Plaintiff asserts that he is being retaliated against, denied permission to use handicap accessible ramps[1], and is being forced to use a heavy walker while under a lifting weight restriction. Plaintiff further claims he is entitled to the use of an electric heating pad and has issue with his pain medication.

The Government has filed a Response (Doc. 24) opposing Plaintiff's motion. In its Response (Doc. 24), the Government argues that Plaintiff's suit falls within the purview of the Prison Litigation Reform Act, 28 U.S.C. § 1915 and Plaintiff has thus failed to exhaust his administrative remedies pursuant to the Act. Additionally, the Government argues that Plaintiff's claims are without merit and that the Court should therefore count Plaintiff's actions as a strike against him under the PLRA's three strikes provision.

---

[1] BOP records indicate that Plaintiff sustained a comminuted, complex right hip/pelvis fracture on May 27, 2007, during an inmate softball game. On June 1, 2007, Plaintiff was transferred to St. Mary's Hospital in Rochester for open reduction and internal fixation of a right acetabular fracture.

DISCUSSION

A.   *Failure to Exhaust Administrative Remedies*

The PLRA provides that an inmate must exhaust all available administrative remedies before bringing an action with respect to prison conditions under either section 1983 of this title, or any other federal law. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). This mandatory exhaustion requirement applies broadly to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002).

The BOP has a three-tiered administrative remedy system with the stated purpose of "allow[ing] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The first tier requires the inmate to report informally the issue to staff. Next, the inmate must file a written remedy request with the Warden. Finally, the inmate must appeal any adverse decision first to the Regional Director and then to the Central Office of the Federal Bureau of Prisons. 28 C.F.R. § 542 et seq. Only once the appeal is denied by the Central Office may the inmate file a civil action in federal court. 28 C.F.R. §§ 542.10 and 542.15.

The Court finds that Plaintiff's claims fall within the purview of the PLRA and Plaintiff has failed to exhaust his administrative remedies pursuant to that Act. BOP records show Dudley submitted Administrative Remedy Request No. 486307-F1, which was accepted at the institution level on March 17, 2008, regarding the medical care he has received for his hip injury. In this request, he raised the issue of the application of heat to his hip, and his alleged inability to use the handicap accessible ramp. He also requested a transfer from FPC Yankton. The Warden responded in writing to this Administrative Remedy Request on March 26, 2008. (Meyers Decl. At ¶ 6) That is as far in the administrative process as Dudley went.

B.   *Applicability of the Three Strikes Provision of the PLRA*

The Court finds that Plaintiff's claims are frivolous and thus shall consider Plaintiff's

action to be a strike under the PLRA three strikes provision.[2] A prisoner's allegations concerning retaliation must include the following: "(1) constitutionally protected conduct, (2) an adverse action by prison officials 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,' and (3) 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.'" Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (*quoting Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

There has been no adverse actions taken by Defendants against Plaintiff in this case. Plaintiff received proper medical care and was referred to an orthopedic specialist for followup. The sworn statements and records submitted with the Government's Response indicate Plaintiff was given permission to use the handicap accessible ramp, and is using the same walker he has used since his hip surgery in June 2007. While Plaintiff is denied access to an electric heating pad because it is considered a safety hazard, he has been given access to hot moist towels, which his BOP doctor has prescribed as a reasonable substitute. Finally, Plaintiff's prescribed pain medication is over-the-counter Tylenol, which he fills by prescription at BOP expense at the commissary and which he may self-administer any time he likes. Accordingly, the Court finds that Plaintiff's claims are frivolous and without merit.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Application for Temporary Restraining order be denied and that Plaintiff's action count as a strike against him under the PLRA's three strikes provision.

Dated this 2nd day of May, 2008.

---

[2] The three strikes provision contained in 28 U.S.C. § 1915(g) provides as follows:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that its is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
DEPUTY