

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

*******************************************************************************

GENE E. DUDLEY, SR.　　　　　　　　　*　　　　CIV 08-4022
　　　　　　　　　　　　　　　　　　　*
　　　　　　Petitioner,　　　　　　　*
　　　　　　　　　　　　　　　　　　　*　　　　MEMORANDUM OPINION
　　-vs-　　　　　　　　　　　　　　　*　　　　AND ORDER
　　　　　　　　　　　　　　　　　　　*
BUREAU OF PRISONS,　　　　　　　　　*
HUMAN HEALTH SERVICES　　　　　　　 *
DR. BOYD　　　　　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　　*
　　　　　　Respondents.　　　　　　 *

*******************************************************************************

　　　　Petitioner, Gene E. Dudley Sr. ("Petitioner"), was an inmate at the Federal Prison Camp in Yankton, South Dakota, when he filed this action seeking a temporary restraining order claiming that he was denied adequate medical and other care during his rehabilitation after a broken hip. After finding that Petitioner had failed to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") and that his claims were without merit, the Court denied the application for a temporary restraining order by Order issued on May 2, 2008, Doc. 25. Petitioner then filed the pending Motion for Reconsideration, Doc. 27. For the following reasons, the motion will be denied.

　　　　Petitioner admits that he failed to pursue his administrative remedies, but claims he should be excused from the exhaustion requirement because of the "imminent danger" of reinjuring himself. The Supreme Court has recognized that the purpose of the PLRA was to afford correctional facilities the opportunity to address prisoners' complaints internally and in the first instance, and take whatever administrative action was necessary to address those complaints. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). In addition, Congress sought to filter out frivolous claims and allow more efficient adjudication of federal lawsuits filed by prisoners "by an administrative record that clarifies the contours of the controversy." *Id.* The Eighth Circuit excuses inmates from complying with the PLRA's grievance procedures in two circumstances: "when prison officials have prevented prisoners

from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (internal citations omitted). Petitioner has not alleged that those exceptional circumstances are present in this case, and there is no exception to the exhaustion requirement for an urgent medical need. Petitioner's questionable allegations that he was in "imminent danger" of harm are not sufficient to excuse his failure to exhaust administrative remedies.[1]

Petitioner's Motion for Reconsideration must be denied for the additional reason that his release from custody at the Federal Prison Camp in Yankton, South Dakota, has rendered his claim moot. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (indicating that the petitioner's claim that he is under imminent danger of serious physical injury may be moot due to his removal from the prison facility if he has demonstrated no reasonable expectation of returning to prison). The possibility that Petitioner may return to the Yankton Prison Camp if he violates the conditions of his release does not keep "live" his controversy regarding the care he received while in custody. That possibility is based on mere speculation and does not establish a "reasonable expectation" he will return to the Yankton Prison Camp. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). Because even a favorable decision would not help Petitioner now that he has been released, the case is no longer live and Petitioner no longer has a legally cognizable interest in the result. Accordingly,

IT IS ORDERED that Petitioner's Motion for Reconsideration, Doc. 27, is denied.

Dated this 24th day of March, 2009.

---

[1] If an inmate's grievance is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden has only three days to respond to the grievance. *See* 28 C.F.R. § 542.18. Petitioner did not attempt to seek emergency relief through the grievance process.

ATTEST:
JOSEPH HAAS, CLERK

BY: Summer Wahufad
DEPUTY

BY THE COURT:

Lawrence L. Piersol
United States District Judge